## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
### AT NASHVILLE

**JULY 1998 SESSION**

**FILED**

**August 5, 1998**

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9710-CR-00446** |
| Appellee, | ) | |
| | ) | **SUMNER COUNTY** |
| VS. | ) | **(No. 9862 Below)** |
| | ) | |
| **STEVE WAYDE BONNER,** | ) | **The Hon. Jane Wheatcraft** |
| | ) | |
| Appellant. | ) | **(Revocation of Probation)** |

FOR THE APPELLANT:
DANA L. SCOTT
Assistant Public Defender
18th Judicial District
117 East Main Street
Gallatin, TN 37066

FOR THE APPELLEE:
JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

LAWRENCE RAY WHITLEY
District Attorney General

THOMAS B. DEAN
Assistant District Attorney General
18th Judicial District
113 West Main Street
Gallatin, TN 37066

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

PAUL G. SUMMERS, JUDGE

The appellant, Steve Wayde Bonner, appeals as of right from the trial court's revocation of his probation sentence. He contends that the trial court failed to exercise a conscientious and intelligent judgment in finding by a preponderance of the evidence that he violated the terms and conditions of probation. The appellant also contends that the trial court failed to give him credit for time served. Based on our review of the briefs and of the entire record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20, Tennessee Court of Criminal Appeals Rules.

On April 15, 1997, the appellant pled guilty to driving under the influence and was sentenced to 11 months and 29 days, all of which was suspended after service of 60 days in jail with work release. The appellant's driver's license was suspended for a period of two years, and he was also ordered to pay restitution and court costs. On May 20, 1997, a probation violation warrant was filed, alleging failure to pay costs and restitution as ordered by the trial court and driving while on work release without a valid license. After a hearing, the trial court revoked the appellant's probation and imposed his original sentence. The trial court further ordered that the appellant be given credit for jail time from May 24, 1996, to May 25, 1996, and from April 15, 1997, to June 13, 1997.

At the revocation hearing, the appellant's probation officer testified that the violation warrant was signed on May 20, 1997, alleging that the appellant violated a condition of probation by failing to pay costs and restitution as ordered by the Court and by losing work release privileges for driving on work release without a valid license. A deputy sheriff testified that he watched as the appellant left the jail one morning. The deputy sheriff saw the appellant walk to the parking lot, get in a truck, and drive to the edge of the parking lot. When two of the wheels were on the street, the deputy sheriff stopped the appellant and told him to get out of the truck. The jail administrator testified that the appellant was removed from work release because he had driven without a valid license while on work release. The appellant presented the testimony of two witnesses who received telephone calls from the appellant on the same day the deputy sheriff saw him driving the truck. Both witnesses testified that the appellant had called regarding a ride to work. Based on the

proof, the trial court revoked the appellant's probation.

The revocation of probation is committed to the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the trial court finds by a preponderance of the evidence that a probation violation has occurred, it has the right to revoke probation and cause the probationer to commence the execution of judgment as originally entered. T.C.A. § 40-35-310, -311(d). This Court will not find that a trial court has abused its discretion unless the record contains no substantial evidence to support the trial court's conclusion that the probation should be revoked. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1981). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making the decision to revoke probation. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Based on the record before us, the trial court was justified in revoking the appellant's probation, and the proof that the appellant violated the conditions of his release was sufficient to allow the trial court to make a conscientious and intelligent decision. Finally, it appears from a review of the trial court's order, that the appellant was given credit for jail time served. Accordingly, based upon a reading of the entire record, the briefs of the parties, and the applicable law, this Court finds that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20.

_____
PAUL G. SUMMERS, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JERRY L. SMITH, JUDGE